# Minnie H. Dunham, Administratrix, Plaintiff in Error, v. Chicago & Alton Railroad Company, Defendant in Error.

1. NEGLIGENCE—*when evidence does not tend to establish wilful.*
*Held,* that the evidence in this case did not tend to establish an injury
wilfully or wantonly inflicted.

2. INSTRUCTIONS—*when peremptory should be given.* A peremptory
instruction should be given for the defendant in an action for personal
injuries where the minds of all reasonable men could only arrive at but
one conclusion, namely, that the plaintiff's intestate was not in the
exercise of due care and caution for his own safety at the time of his
death.

Action in case for death caused by alleged wrongful act. Appeal from
the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS,
Judge, presiding. Heard in this court at the November term, 1910.
Affirmed. Opinion filed October 20, 1911.

LIVINGSTON & BACH and FRANK T. WINSLOW, for
plaintiff in error.

BRACKEN & YOUNG for defendant in error; SILAS H.
STRAWN, of counsel.

MR. PRESIDING JUSTICE PHILBRICK delivered the opin-
ion of the court.

This action is brought by plaintiff in error against
defendant in error to recover for the death of her hus-
band. John B. Dunham, the deceased, was killed while
attempting to cross the defendant's railroad tracks at
a public street crossing in the city of Bloomington.
Upon the close of the plaintiff's evidence in the court
below, the court sustained a motion to exclude the evi-
dence and directed a verdict for the defendant; under
the direction of the court, the jury returned a verdict
finding the defendant not guilty and a judgment was

rendered on that verdict. The cause is brought here upon a writ of error to reverse that judgment, contending that the court erred in sustaining the motion to exclude the evidence and in directing a verdict for the defendant and in rendering a judgment on the verdict so returned.

The record discloses that plaintiff's intestate was a man of about seventy-five years of age and hard of hearing and that his deafness was aggravated by a severe cold at that time; that he had been employed in defendant's shops in the city of Bloomington for twenty years or more; that at the crossing where plaintiff's intestate was killed numerous tracks were owned and operated by defendant; that in going to and from his work to his boarding house deceased crossed these tracks several times a day; that he was familiar with all of the surroundings at this location; that deceased was killed by a passenger train upon defendant's right of way at this crossing while attempting to cross the tracks of defendant. The witnesses who testified upon behalf of plaintiff as to the speed of the train fixed its speed at anywhere from ten to twenty-five miles an hour. As this train approached this crossing it sounded its whistle at some considerable distance from the crossing; the evidence of this distance varies from three hundred to five hundred feet. As the train approached, the gates which defendant owned and operated at this crossing were closed and barred access to the tracks, both upon that portion of the street used for vehicles and also for pedestrians, so that in order to reach the tracks when these gates were lowered it was necessary to crawl either under or pass around the end of the gate; that the view of the track in the direction from which the train was approaching was unobstructed for several hundred feet; that the deceased passed the gates which obstructed the approach to this crossing after

they had been lowered by the servant of defendant operating them. After he passed these gates he stood upon the sidewalk watching a freight train which was going over this crossing upon one of the tracks of the defendant; the freight train had not cleared the crossing at the time when deceased started to cross the track upon which the passenger train was approaching. Several persons were standing near the railroad track waiting the passage of the passenger train as well as the freight train which had about cleared the crossing. As the deceased started to cross the tracks, the engine was then so close that the engineer, realizing the impossibility of stopping the train to avoid hitting the deceased, hallooed at him and at about this same time one of the persons standing upon the sidewalk made a grab at the deceased for the purpose of preventing him from going in front of the engine. This person was unable to reach him and before any further action could be taken the deceased stepped so near to the track that he was struck by the pilot of the engine; he was thrown a considerable distance and killed almost instantly; the train was stopped within about two hundred feet after the accident.

Plaintiff in error insists that the crossing of this highway at the speed at which defendant's train was running was gross and wilful negligence and that by reason of such wilful negligence plaintiff is not required to show the exercise of due care and caution on the part of the deceased. Plaintiff also contends that the question of due care is one of fact for the jury to determine and that it is not a question of law for the court, that under the facts in this case the court should have submitted the question of due care on the part of plaintiff's intestate to the jury.

Plaintiff also insists that the question of the speed at which defendant's train was being operated was a question of fact for the jury, that under the ordinance

limiting the speed of passenger trains to ten miles per
hour and the evidence in this record as to the question
of speed, it was a question for the jury to determine
whether or not the accident was caused by reason
of the alleged unlawful rate of speed at which defend-
ant's train was being operated. While plaintiff's con-
tention that the question of due care is ordinarily one
of fact for the jury to determine from all the evidence
and also the question of whether or not the train was
violating the ordinance of the city of Bloomington in
regard to speed and whether or not the violation of
the ordinance was the cause of the death of the deceased,
it is also a well established rule of law that although
these questions are ordinarily for the determination of
the jury, there must be sufficient evidence to submit
the question to the jury, and if the evidence is such
that upon its due consideration the minds of all rea-
sonable men can only arrive at one conclusion there-
from, and that upon its consideration it does not show
due care upon the part of plaintiff's intestate, then
the question becomes one of law for the court to deter-
mine. Upon the contention that the defendant was
guilty of gross and wilful negligence, the fact that the
defendant constructed, owned, and operated gates at
this crossing for the purpose of preventing persons
from approaching the crossing at the time when trains
were about to cross, the fact that the deceased was an
old and long-time friend of the engineer of the train
which caused his death, that he was seen standing by
the side of the track by this engineer as the train ap-
proached, with no indication that at the time the train
would reach the crossing he would start across and go
in front of the engine so that it would hit him, refutes
any contention of wilful or gross negligence on the
part of the defendant.   While the trial court is not
permitted, upon the consideration of a motion of this
character, to weigh the evidence, it becomes his duty

to pass upon the motion and if the evidence is of such character, as heretofore stated, that the minds of all reasonable men can arrive at but one conclusion thereon and that conclusion is that the deceased was not in the exercise of due care and caution, then it is the duty of the court to allow the motion and to direct a verdict; and after a careful consideration of all the evidence in this record, we are satisfied that the court committed no error in sustaining the motion and directing a verdict for the defendant.

The judgment is affirmed.

*Affirmed.*